IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, and AMERISURE MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| MALPHRUS CONSTRUCTION CO., INC., R.H. MOORE COMPANY, INC., and BELFAIR PROPERTY OWNERS ASSOCIATION, INC., | ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: 9:10-1495-MBS

**COMPLAINT FOR DECLARATORY JUDGMENT**

Amerisure Insurance Company and Amerisure Mutual Insurance Company, pursuant to Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. §2201, submit the following complaint for declaratory judgment and allege as follows:

**PARTIES**

1.   Amerisure Insurance Company ("Amerisure Insurance") is an insurance company organized under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan. At all relevant times, Amerisure Insurance was licensed to write, and did write, liability insurance coverage in South Carolina.

2.   Amerisure Mutual Insurance Company ("Amerisure Mutual") is an insurance company organized under the laws of the State of Michigan, with its principal place of business

in Farmington Hills, Michigan.  At all relevant times, Amerisure Mutual was licensed to write, and did write, liability insurance coverage in South Carolina.

3. Malphrus Construction Company, Inc. ("Malphrus") is a corporation organized under the laws of the State of South Carolina, with its principal place of business in Ridgeland, South Carolina.

4. R.H. Moore Company, Inc. ("R.H. Moore") is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Murrells Inlet, South Carolina.

5. Belfair Property Owners' Association, Inc. ("Belfair") is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Bluffton, South Carolina.

## JURISDICTION AND VENUE

6. The court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is proper in the United States District Court, District of South Carolina in that the policies of insurance at issue in this action were delivered in South Carolina, and the events giving rise to this action arose in Beaufort County, South Carolina.

8. An actual case in controversy of a justicable nature exists between the parties involving the rights and liabilities concerning certain liability insurance policies, in which litigation is imminent and inevitable, and which controversy may be determined by a judgment of this, without other, action.

## NATURE OF THE ACTION

9. This is an action for declaratory judgment pursuant to Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. §2201 to determine and resolve questions of actual controversy arising in connection with a certain contracts of insurance issued by Amerisure Insurance to Malphrus and by Amerisure Mutual to R.H. Moore. By this action, Amerisure Insurance and Amerisure Mutual seek declaratory relief to establish that Amerisure has Mutual no obligation to defend or indemnify Malphrus for the Belfair claims set forth below and that Amerisure Insurance has no obligation to defend or indemnify R.H. Moore for the Belfair claims set forth below.

10. Amerisure Insurance issued Commercial General Liability policies, Policy No. GL 2038246010000, effective for the period 06/30/2006 to 06/30/2007; Policy No GL 2038246020007, effective for the period 06/30/2007 to 06/30/2008; Policy No. GL 2038246030008, effective for the period 06/30/2008 to 06/30/2009; and Policy No. GL 2038246040009, effective for the period of 06/30/2009 to 06/30/2010, to Malphrus Construction Company, Inc. (the "Malphrus Policies"). Copies of the Malphrus Policies are attached as Exhibits A through D, inclusive, and incorporated herein.

11. Amerisure Mutual issued Commercial Package Policies containing primary general liability coverage, Policy No. CPP2021986000000, effective for the period 07/10/2004 to 07/10/2005; Policy No. CPP2021986010005, effective for the period 07/10/2005 to 07/10/2006; Policy No. CPP2021986020006, effective for the period 07/10/2006 to 07/10/2007; Policy No. CPP2021986030007, effective for the period 07/10/2007 to 07/10/2008 to R.H. Moore Company, Inc. (the "Moore Primary Policies"). Copies of the Moore Primary Policies are attached as Exhibits E though H, inclusive, and incorporated herein.

12. Amerisure Mutual issued Umbrella Liability policies, Policy No. CU 2021987, for successive annual periods from 07/10/2004 through 07/10/2008 to R.H. Moore Company,

3

Inc. (the "Moore Umbrella Policies"). Copies of the Moore Umbrella Policies are attached as Exhibits I through L, inclusive, and incorporated herein.

13. On or about June 18, 2008, Belfair filed a lawsuit entitled *Belfair Property Owners Association, Inc. v. Malphrus Construction Co., Inc., et al*, Civil Action No. 08-CP-07-02159, in the Court of Common Pleas for Beaufort County, South Carolina (the "Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as Exhibit M.

14. Malphrus tendered the Underlying Complaint to Amerisure Insurance, and Amerisure Insurance is defending Malphrus under a full and complete reservation of rights.

15. On or about August 3, 2009, Belfair filed a Second Amended Complaint in the above-referenced action naming R.H. Moore as a defendant in that matter. A copy of the Second Amended Complaint is attached hereto as Exhibit N. (The Underlying Complaint and the Second Amended Complaint will be referred to collectively as the "Underlying Action").

16. R.H. Moore tended the Second Amended Complaint to Amerisure Mutual, and Amerisure Mutual is defending R.H. Moore under a full and complete reservation of rights.

## CAUSE OF ACTION
### (Declaratory Relief)

17. Amerisure Insurance and Amerisure Mutual reallege each of the allegations of Paragraphs 1 through 16 as though fully set forth herein.

18. The Underlying Action alleges that Malphrus and R.H. Moore were the contractors for the construction of the drainage system and storm water runoff system for the Belfair Community, including the East and West Golf Courses, in Bluffton, South Carolina.

19. The Underlying Action alleges that after completion of the Belfair Community, sink holes began to develop throughout the Belfair Community.

20. In the Underlying Action, Belfair alleges that it suffered both actual and consequential damages, including the costs to investigate and repair the storm drainage system and water runoff system.

21. The Underlying Action alleges that numerous problems and defects exist with the drainage system and storm water runoff system constructed by Malphrus and R.H. Moore, including use of improper materials and installation methods, improper joint coupling, improper grading, and failure to properly connect and/or support pipe joints.

22. The claims and damages alleged against Malphrus and R.H. Moore in the Underlying Action do not give rise to liability insurance coverage under either the Malphrus Policies, the Moore Primary Policies, or the Moore Umbrella Policies.

23. The claims and damages alleged against Malphrus and R.H. Moore in the Underlying Action do not give rise to "property damage" under the Malphrus Policies, the Moore Primary Policies, or the Moore Umbrella Policies.

24. The claims and damages alleged against Malphrus and R.H. Moore in the Underlying Action do not give rise to an "occurrence" under the Malphrus Policies, the Moore Primary Policies, or the Moore Umbrella Policies.

25. The claims and damages alleged against Malphrus and R.H. Moore in the Underlying Action are expressly excluded under the Malphrus Policies, the Moore Primary Policies, or the Moore Umbrella Policies.

26. Amerisure Insurance has no obligation to indemnify Malphrus for the claims alleged in the Underlying Action.

27. Amerisure Mutual has no obligation to indemnify R.H. Moore for the claims alleged in the Underlying Action.

28. Amerisure Insurance has no obligation to defend Malphrus for the claims alleged in the Underlying Action.

29. Amerisure Mutual has no obligation to defend R.H. Moore for the claims alleged in the Underlying Action.

WHEREFORE, Amerisure Insurance and Amerisure Mutual seek declaratory relief that they have no obligation to defend or indemnify Malphrus and R.H. Moore from and for the claims alleged in the Underlying Action because:

(a) The claims do not give rise to liability insurance coverage;

(b) The claims do not give rise to "property damage";

(c) The claims do not give rise to an "occurrence";

(d) The claims are expressly excluded; and

(e) For such other reasons as may be shown at trial.

WHEREFORE, Amerisure Insurance and Amerisure Mutual pray for the relief set forth above; and for such other and further relief as this Court deems just and necessary.

Respectfully submitted,

COZEN O'CONNOR

BY: *s/ Tracy L. Eggleston*
Tracy L. Eggleston, Esq.
Fed ID #689
301 South College Street, Suite 2100
Charlotte, NC  28202
Tel. No.:  (704) 376-3400
Fax No.:  (704) 334-3351
E-mail:  teggleston@cozen.com
*Counsel for Plaintiffs Amerisure Insurance Company and  Amerisure Mutual Insurance Company*

Dated:  June 10, 2010
Charlotte, NC

CHARLOTTE\255531\1 269574.000